UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00306-RJC
(3:06-cr-00194-RJC-1)

| | |
|---|---|
| DEVON RAMUS STURDIVANT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's "Petition and Motion to Set Aside, Vacate, or Correct Sentence VIA 28 U.S.C. § 2241 Pursuant to 28 U.S.C. § 2255(E)." [Doc. 1].

## I. Initial Screening

The Court has conducted an initial screening of the petition under Rule 4(b) and finds that it appears that the motion is untimely. 28 U.S.C. § 2255(f).

## II. Discussion

A one-year statute of limitations applies to the filing of habeas corpus petitions and motions to vacate. Hankerson v. Warden, 598 Fed. App'x 685, 688 (11th Cir. 2015) (citing 28 U.S.C. §§ 2244(d)(1), 2255(f)). "The limitation period runs from the date on which (1) the judgment of conviction became final; (2) an unconstitutional impediment to filing was removed; (3) a new retroactively applicable right was initially recognized by the Supreme Court, or (4) facts supporting new claims could have been discovered through the exercise of due diligence, whichever date is latest." Id. (citations omitted).

Here, Petitioner pleaded guilty to one count of conspiracy to attempt to possess with intent

to distribute cocaine in violation of 21 U.S.C. § 846 (Count One) and one count of possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count Two). [Criminal Case No. 3:06-cv-00194-RJC-1 ("CR"), Doc. 21: Plea Agreement; Doc. 32: Judgment; Doc. 39: Plea Hearing Tr.]. Petitioner was sentenced to a term of imprisonment of 202 months on Count One and a term of imprisonment of 60 months on Count Two, to run consecutively to the term imposed on Count One, for a total term of imprisonment of 262 months. [CR Doc. 32 at 2]. Petitioner's sentence was enhanced due to his career offender status. [See CR Doc. 37 at 4, 6: Sentencing Tr.]. Judgment on Petitioner's conviction was entered on February 29, 2008. [Id.]. Petitioner appealed and, on March 23, 2009, the Fourth Circuit affirmed Petitioner's conviction and sentence. [CR Doc. 40].

On April 4, 2011, Petitioner filed a Section 2255 Motion to Vacate [CR Doc. 42], which this Court dismissed as untimely [CR Doc. 43]. On February 27, 2012, Petitioner filed a motion to vacate the Court's dismissal of his Section 2255 Motion to Vacate. [CR Doc. 44]. On February 29, 2012, this Court denied this motion as untimely and meritless. [CR Doc. 45]. On August 9, 2012, Petitioner filed a second Section 2255 Motion to Vacate, [CR Doc. 48], which the Court denied as successive [CR Doc. 50]. On May 2, 2016, Petitioner filed a third Section 2255 Motion to Vacate [CR Doc. 58], which was also dismissed as successive [CR Doc. 59].

Petitioner purports to file his current petition pursuant to 28 U.S.C. § 2241 through the savings clause in 28 U.S.C. § 2255(e). [Doc. 1]. Petitioner seeks relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018). [Id. at 1].

Title 21, section 851 provides for enhanced sentences based on any prior "felony drug offense." Section 802(44) defines that term as "an offense that is punishable by imprisonment for

more than one year under [any state or federal law relating to narcotics or marijuana]." In Simmons, the Fourth Circuit held that an offense qualifies as a "felony drug offense" for purposes of § 841(b)(1), and is punishable by more than one year in prison, only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005). In Jones and Harp, the Fourth Circuit had held that offense is punishable by more than one year in prison if *any defendant* could receive a term of imprisonment of more than one year upon conviction for that offense. See Simmons, 649 F.3d at 247. In Simmons, the Fourth Circuit held that, for a prior felony conviction to serve as a predicate offense, the individual defendant must have been convicted of an offense for which *that defendant* could be sentenced to a term exceeding one year. Simmons, 649 F.3d at 243.

In United States v. Wheeler, the Fourth Circuit held that a defendant (1) whose sentence was affected by application of a mandatory-minimum term of imprisonment that Simmons later held should not have applied and (2) whose motion to vacate would be a second or successive motion to vacate may obtain sentencing relief under § 2241. 886 F.3d 415, 429, 433-34 (4th Cir. 2018). Petitioner argues that, under Wheeler, he "lacks the necessary predicates for career offender status." [CV Doc. 1]. Petitioner argues that, without the career offender enhancement, he would have been subject to a guidelines range of 70 to 87 months. [Id. at 20].

Without addressing the merits of Petitioner's argument, Petitioner's motion appears untimely. Wheeler was decided on March 28, 2018. As such, Petitioner had until March 28, 2019 in which to seek habeas relief under § 2241 or § 2255 based on Wheeler. The Court will, therefore, grant Petitioner 20 days in which to provide an explanation as to why the instant Section 2241 petition should not be dismissed as untimely, including any reasons why equitable tolling should

3

apply.  See Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002); United States v. Blackstock, 513 F.3d 128, 133 (4th Cir. 2008) (remanding to district court pursuant to Hill for determination of timeliness of § 2255 Motion).

**IT IS, THEREFORE, ORDERED** that Petitioner shall have 20 days from entry of this Order in which to explain to the Court why his Petition should not be dismissed as untimely.  If Petitioner does not file such explanation within 20 days from entry of this Order, the petition may be dismissed without further notice.

**IT IS SO ORDERED**.

Signed: July 29, 2021

Robert J. Conrad, Jr.
United States District Judge