| | |
|---|---|
| DEVON RAYMUS STURDIVANT, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on Petitioner's Pro Se Petition and Motion to Set Aside, Vacate, or Correct Sentence Via 28 U.S.C. § 2241 Pursuant to 28 U.S.C. § 2255(E)," [CV Doc. 1],[1] Petitioner's Motion for Summary Judgment [CV Doc. 7], and the Government's Motion to Dismiss [CV Doc. 8].

**I.    BACKGROUND**

On July 26, 2006, Petitioner Devon Raymus Sturdivant ("Petitioner") was charged in a Bill of Indictment with one count of attempting to possess with intent to distribute at least 500 grams of a mixture and substance containing cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846 (Count One); one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count Two); and one count of being a felon-in-possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1) (Count Three).  [CR Doc. 9: Bill of Indictment].  The Government filed an Information Pursuant to 21 U.S.C. § 851

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:21-cv-00306-RJC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:06-cr-00194-RJC-1.

setting forth Petitioner's 2004 felony drug conviction for possession with intent to sell/deliver marijuana for the purpose of enhancing Petitioner's sentence under 21 U.S.C. § 841.[2] [See CR Doc. 14: § 851 Information]. The matter was set to proceed to trial on October 3, 2006. After voir dire had begun, Petitioner agreed to plead guilty pursuant to a written plea agreement. [CR Doc. 21: Plea Agreement]. Petitioner agreed to plead guilty to Counts One and Two in exchange for the Government dismissing Count Three and the Government's agreement to withdraw the § 851 Information. [Id. at ¶¶ 1-2]. The parties stipulated and agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), in pertinent part, as follows:

> …
> b. [T]he government agrees to withdraw the § 851 Information within 24 hours of the Court's acceptance of the [Petitioner's] guilty plea.
> …
> e. The Probation Office will compute the [Petitioner's] Criminal History Category to determine the appropriate range under the Sentencing Guidelines[.]
>
> f. Notwithstanding any recommendations in the Plea Agreement as to the offense level, if the Probation Office determines from the [Petitioner's] criminal history that U.S.S.G. § 4B1.1 (Career Offender) applies, that provision may be used in determining the sentence. Should a statutory minimum sentence apply, the Court shall impose a sentence no lower than that statutory minimum.

[CR Doc. 21 at ¶ 7]. The plea agreement set forth the statutory minimum and maximum sentences for Count One – no less than 5 years and no more than 40 years – and for Count Two – a minimum consecutive sentence of 5 years and no more than life. [Id. at ¶ 4]. Petitioner also waived the right to contest his conviction and sentence in any post-conviction proceedings, except as to claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at ¶¶ 19-20]. Petitioner pleaded

---
[2] With the § 851 Information, Petitioner would have been subject to a mandatory minimum sentence of 10 years on Count One. See 21 U.S.C. § 841(b)(1)(B)(ii).

2

guilty in accordance with the plea agreement and the Government moved to dismiss the § 851 Information. [See 10/3/2006 Docket Entry; CR Doc. 22].

Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR).[3] [CR Doc. 52: PSR]. The probation officer determined that Petitioner's sentence was subject to enhancement based on his career offender status,[4] noting Petitioner's 1988 conviction for breaking and entering, his 1992 conviction for armed robbery, and his 2004 conviction for possession with intent to sell/deliver marijuana and maintaining a dwelling place. [Id. at ¶ 26 (citing U.S.S.G. §4B1.1)]. Pursuant to U.S.S.G. §4B1.1(c)(2), based on the multiple counts of conviction, the resulting guidelines range was 262 to 327 months' imprisonment. [Id. at ¶¶ 26-27]. Petitioner did not object to the PSR. [CR Doc. 37 at 3: Sentencing Tr.]

On February 4, 2008, the Court sentenced Petitioner to a term of imprisonment of 202 months on Count One and a consecutive sentence of 60 months' imprisonment on Count Two, for a total term of imprisonment of 262 months or nearly 22 years. [Id. at 16]. In reaching this sentence, the Court examined the 18 U.S.C. § 3553(a) factors, including Petitioner's efforts at cooperating, that he has three children, and other relevant information from the PSR. [Id. at 14]. The Court was specifically troubled, however, by Petitioner's extensive criminal history, which included an armed robbery conviction for which Petitioner received a 25-year sentence (and served nine years), common law robbery at age 17, breaking and entering, several assaults on a female,

---

[3] The probation officer used the 2007 edition of the Guidelines Manual and noted that, post-Booker, the district courts were not bound by the Guidelines, but must "take them into account when sentencing." [CR Doc. 52 at ¶ 15].

[4] Under U.S.S.G. §4B1.1(b), a defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

3

and possession with intent to sell and deliver for which he was on probation when he committed the instant offenses. [Id. at 14-15]. The Court noted that Petitioner had a criminal history "that cries out for the Court to protect the public from further crimes of the [Petitioner]" and to promote the "paramount goals" of promoting respect for the law and to deter the Petitioner from further crime. [Id. at 15]. The Court provided that the 262-month sentence was "sufficient but not greater than necessary to accomplish the sentencing objectives of Section 3553(a)." [Id. at 16]. The Court further explained that this sentence was warranted because "nothing has deterred Mr. Sturdivant from a life of crime, including prior incarceration, he's been shot a couple times, and that the Court has to impose this very severe sentence to protect the public from further crimes." [Id.]. Judgment on Petitioner's conviction was entered on February 19, 2008. [CR Doc. 32: Judgment]. Petitioner appealed, and the Fourth Circuit affirmed. United States v. Sturdivant, 319 Fed. App'x 234 (4th Cir. 2009).

Petitioner has since filed several unsuccessful post-conviction challenges. [See CR Doc. 42, 44, 48, 55, 58, 61, 74]. The Court dismissed Petitioner's 2011 motion to vacate as untimely and his 2012 and 2016 motions to vacate, which were based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), as unauthorized successive motions.[5] [CR Doc. 43, 50, 59]. In Simmons, the Fourth Circuit, overturning circuit precedent, held that an offense qualifies as a "felony drug offense" for purposes of § 841(b)(1), and is punishable by more than one year in prison, only if the individual defendant could have received a sentence of more than one year in prison, not if some hypothetical defendant could have received such a sentence.

---

[5] Petitioner also filed a prior habeas petition in the Northern District of Georgia, claiming that his sentence should be reduced based on a mitigating role amendment to the Guidelines. Sturdivant v. Warden, USP Atlanta, No. 1:18CV1509 (N.D. Ga. Apr. 6, 2018), Doc. 1.

Petitioner filed the instant § 2241 petition in June 2021. [CV Doc. 1]. He seeks to challenge his career offender enhancement under the savings clause in 28 U.S.C. § 2255(e). [CV Doc. 1 at 5 (citing United States v. Wheeler, 886 F.3d 433 (4th Cir. 2018))]. He argues that his prior North Carolina state conviction for possession with intent to sell/deliver marijuana, a Class I felony, is no longer a valid career offender predicate under Simmons because he could not have received a sentence of more than one year in prison.[6,7] [CV Doc. 1 at 7-9, 18; see CV Doc. 10 at 9; see CV Doc. 8-1 at 2]. Petitioner also contends that, because he is not a career offender, he should benefit from Amendment 782 to the guidelines. [Id. at 19]. Before the Government responded, Petitioner moved for summary judgment. [CV Doc. 7]. The Government moved to dismiss Petitioner's habeas petition, arguing that this Court lacks jurisdiction because Petitioner cannot meet the savings clause requirements.[8] [CV Doc. 8].

The matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief.

---

[6] Petitioner states that "the maximum punishment [was] less than one year" and "his actual sentence was 9-11 months suspended in lieu of probation." [CV Doc. 1 at 18]. The records from Petitioner's state criminal proceeding show that he pleaded guilty pursuant to a plea agreement under which his 9- to 11-month sentence was suspended and Petitioner was subject to six months intensive probation. [CV Doc. 8-1 at 2, 4, 6-7]. At the time of that conviction, Petitioner had 18 criminal history points and a record level of V. [Id. at 2].

[7] Petitioner has never challenged the career offender predicate status of his 1988 conviction for breaking and entering, despite that it appears to have been outside the 15-year look back period for qualifying convictions. [See CR Doc. ¶ 34; U.S.S.G. §4A1.1, comment. n. 1; U.S.S.G. §4A1.2(e)].

[8] Although Petitioner is currently confined in the Sixth Circuit, the Government waives any objection to proper venue here and acknowledges that Fourth Circuit law applies. [CV Doc. 8 at 6 n. 3 (citations omitted)].

After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. DISCUSSION**

Section 2255 is generally the proper means of collaterally attacking the validity of a federal conviction or sentence. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

By contrast, § 2241 is a means of attacking the way a sentence is executed. Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000). The Fourth Circuit recognized in In re Jones, 226 F.3d 328 (4th Cir. 2000), however, that where § 2255 is inadequate or ineffective to test the legal validity of a petitioner's conviction, the "savings clause" § 2255(e) permits a petitioner to seek relief under § 2241. In re Jones, 226 F.3d at 333. Section 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429 (citation omitted). These requirements are jurisdictional. That is, their satisfaction determines whether a petition for sentencing relief under § 2241 may be "entertained

to begin with," not whether a petitioner is entitled to relief thereunder. See id. 886 F.3d at 425, 434.

In Wheeler, the petitioner had been subject to a later Simmons-invalidated career offender sentencing enhancement due to a prior felony drug conviction, which increased his mandatory minimum sentence to 120 months. See Wheeler, 886 F.3d at 419 (citing 21 U.S.C. § 841(b)(1)(B)). Without the prior felony conviction, the petitioner's statutory minimum would have been five years. Wheeler, 886 F.3d at 430. In imposing the mandatory minimum sentence of 120 months at sentencing, the district court noted, "[T]he sentence that is required to be imposed upon you is a harsh sentence. It's a mandatory minimum sentence. I don't have any discretion in that area." Id. at 420 (citation omitted). Under those circumstances, the Fourth Circuit found that the increase in the petitioner's mandatory minimum was sufficiently grave to be deemed a fundamental defect, thereby satisfying the fourth Wheeler prong, and ordered that petitioner "may pass through the savings clause portal and have the § 2241 petition addressed on the merits." 886 F.3d at 434.

Here, regardless of other potential bars, waivers, or impediments to Petitioner's claim for relief under § 2241, Petitioner cannot satisfy the fourth Wheeler prong. Petitioner's sentence in this case simply does not "present an error sufficiently grave to be deemed a fundamental defect." See Wheeler, 886 F.3d at 429. "District courts must make an independent determination that a Guidelines sentence, even one based on a career offender designation, would 'comport with the sentencing standard set forth in 18 U.S.C. § 3553(a).'" United States v. Foote, 784 F.3d 931, 941 (4th Cir. 2015) (quoting Hawkins v. United States, 706 F.3d 820, 823 (7th Cir. 2013)). Further, "[d]istrict courts may not even presume a within-Guidelines sentence is reasonable." Id. (citing Nelson v. United States, 555 U.S. 350, 352, 129 S. Ct. 890 (2009) ("The Guidelines are not only *not mandatory* on sentencing courts; they are also not to be *presumed* reasonable." (emphasis in

7

original))).  As such, "[a] district court's error in its sentencing calculations is harmless if the court also provided justification for the sentence based on the § 3553(a) sentencing factors." Id. (citation omitted).  To be sure, district courts are free to vary from the career-offender based sentencing range, and the Fourth Circuit has affirmed their decisions to do so.  Id. (citations omitted).  Relief afforded under § 2241 through the savings clause should be no more expansive than that allowed by § 2255.  As the Fourth Circuit affirmed in Braswell, "a fundamental defect or a complete miscarriage of justice has not occurred," "where the petitioner was sentenced as a career offender 'under an advisory Guidelines scheme.'"  Braswell v. Smith, 952 F.3d 441, 450 (4th Cir. 2020) (quoting Foote, 784 F.3d at 932, 941).

Here, the Court is without basis to allow relief under § 2241, even if Petitioner's marijuana predicate is Simmons infirm, where this Court justified its sentence based on § 3553(a) sentencing factors, the sentence imposed was within a guideline range only later erroneous under Simmons, and the sentence imposed was well above the statutory mandatory minimum sentence.  Namely, as in Foote, this Court sentenced Petitioner "'within the statutory limits,' and while the career offender designation may have affected the ultimate sentence imposed, 'it did not affect the lawfulness of the [sentence] itself – then or now.'"  Foote, 784 F.3d at 943 (quoting United States v. Addonizio, 442 U.S. 178, 184 (1979)).  The Court, therefore, is without jurisdiction to consider Petitioner's petitioner.

Finally, Petitioner contends that he is entitled to relief under guidelines Amendment 782[9] because he is not a career offender.  [CV Doc. 1 at 19].  Relief under Amendment 782 is not available, however, where a defendant's sentence was not guided by drug quantity but rather by

---

[9] On November 1, 2014, Amendment 782 to the United States Sentencing Guidelines became effective. Amendment 782 reduced by two levels some, but not all, of the base offense levels in the Drug Quantity Tables at U.S.S.G. §§2D1.1 and 2D1.11.  U.S.S.G., app. C, amend. 782 (Supp. 2014).  Amendment 782 applies retroactively.  Id.

8

career offender enhancement under Chapter Four. See United States v. Avent, 633 Fed. App'x 176 (4th Cir. 2016); McKinnon v. Warden of FCI Williamsburg, No. 2:21-cv-02441-RBH-MGB, 2021 WL 5893273, at *2 (D.S.C. Oct. 19, 2021). Here, as explained, the Court is without jurisdiction to consider Petitioner's § 2241 petition and his career offender status remains untouched. As such, Petitioner is not eligible for relief under Amendment 782.

In sum, Petitioner has not shown he is entitled to relief under 28 U.S.C. § 2241 or Amendment 782. The Court will, therefore, deny and dismiss Petitioner's § 2241 petition, deny Petitioner's motion for summary judgment, and grant the Government's motion to dismiss.

**IT IS THEREFORE ORDERED** that:

1. Petitioner's Petition for Relief Under 28 U.S.C. § 2241 [Doc. 1] is **DENIED** and **DISMISSED**.

2. Petitioner's Motion for Summary Judgment [Doc. 7] is **DENIED**.

3. The Government's Motion to Dismiss [Doc. 8] is **GRANTED**.

4. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED**.

Signed: January 31, 2022

Robert J. Conrad, Jr.
United States District Judge